Bridget Sweeney, Defendant in Error, v. Life Association of America, Plaintiff in Error.

Gen. No. 14,700.

INSTRUCTIONS—*when proper peremptorily to instruct for the plaintiff.* If the plaintiff's evidence entitles him to a verdict, and such evidence is not rebutted by the defendant, a peremptory instruction for the plaintiff is proper.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed December 21, 1909.

SAMUEL A. HARPER and THOMAS E. D. BRADLEY, for plaintiff in error.

McARDLE & McARDLE, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

This suit is between the same parties as the case just decided, 14699, ante, p. 173.

It arises upon a policy issued on a second application dated April 11, 1907. The policy issued under the first application was delivered on April 13, 1907.

We need not consider whether or not the medical examination made under the first application was deemed by the parties to be the basis for the policy issued under the second application, so as to make the warranties and representations therein contained applicable to the second policy, for, under our decision in the former case, there was no breach of warranty or misrepresentation.

The only additional argument in this case that requires notice is that based upon the statement that he had not been rejected in any other company. The defendant urges that the failure of the Prudential to issue a policy prior to April 11, on an application dated

March 4, was equivalent to a postponement or declination.

We cannot assent to this argument. There is no proof of any kind that the applicant knew what, if any, action had been taken by the Prudential Company prior to April 20, on which date he was informed for the first time that the policy would not be issued. A rejection notice dated March 21 had never been delivered to him or called to his attention. The statement in an application that the applicant had not been postponed or declined by any other company must fairly be interpreted as meaning that no postponement or declination had come to his knowledge. He had stated in his first application that he had just applied for a policy in the Prudential Company.

The action of the court in directing a verdict for the plaintiff was proper and the judgment will be affirmed.

*Affirmed.*